IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

FREELIN HATTEN,

    Plaintiff,

V.                                        CIVIL ACTION NO. 3:06-0844

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM ORDER**

        In this action, filed under the provisions of 42 U.S.C. §§ 405(g) and 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

        Plaintiff protectively filed his applications on August 19, 2004, alleging disability commencing August 12, 2004, as a consequence of a "back injury with radiating pain into left leg and left arm, carpal tunnel." On appeal from initial and reconsidered denials, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

        At the time of the administrative decision, plaintiff was thirty-seven years of age and had obtained an 11th grade education. His past relevant employment experience consisted of construction

work. In his decision, the administrative law judge found that plaintiff suffered from "degenerative disc disease of the lumbar spine - status post diskectomy; cubital and carpal tunnel syndrome and a shoulder disorder, which constitute severe impairments." Though concluding that plaintiff was unable to perform his past work,[1] the administrative law judge determined that he had the residual functional capacity for a limited range of light level work. On the basis of this finding, and relying on Rule 202.18 of the medical-vocational guidelines[2] and the testimony of a vocational expert, he found plaintiff not disabled.

At the outset, it is noted that plaintiff submitted additional evidence with his brief consisting of two follow-up reports from Dr. Weinsweig; treatment notes from Dr. Stephen Sebert dated April 12, 2005 through December 15, 2005; a "Clinical Assessment of Pain" form and residual functional capacity form completed by this physician and previously submitted into evidence; an operative report of carpal and cubital tunnel surgery performed July 19, 2005 as well as two follow-up reports from Dr. Bolano, the orthopedic surgeon; a June 16, 2005 MRI of the lumbar spine; and an August 2, 2005 physical therapy note. Counsel faxed this information to the administrative law judge April 11, 2006, but his May 15, 2006 decision clearly reflects he did not have the new evidence in his file.

Remand on the basis of newly discovered evidence is appropriate if: (1) the evidence is relevant and not cumulative; (2) the Commissioner's decision "might reasonably have been different" had that evidence been presented; (3) good cause for failure to submit the evidence before

---

[1] This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2] 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2

the Commissioner is established; and (4) plaintiff offers "at least a general showing of the nature" of the newly discovered evidence. Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985).

While plaintiff has made a general showing of the evidence, and it is relevant to the determination of disability while the application was before the Commissioner,[3] it does not appear that good cause for failure to submit the evidence before the Commissioner is established. Since all of the evidence pre-dates the hearing, it should have been presented to the administrative law judge, at the very latest, during the hearing. The administrative law judge told plaintiff's counsel he would leave the record open until March 22, 2006 for submission of updated treatment notes from Dr. Sebert and from the Pain Clinic. If counsel needed more time, he was to contact the administrative law judge, but there is no indication this was done. He did, as noted, apparently try to submit the additional evidence prior to the administrative law judge's decision; however, it is clear it did not reach him prior to the issuance of his decision. What is not clear is why counsel did not re-submit the evidence when he requested Appeals Council review. Instead, it was not submitted until the case was before this Court.

Additionally, and perhaps more importantly, the new evidence is not material. Dr. Sebert's treatment notes do not document any significant changes to plaintiff's condition, and in fact, this physician repeatedly notes plaintiff is able to function and go about his daily activities if he takes Perocet. While this medication is indicated for the relief of moderate to moderately severe pain,[4] Dr. Sebert noted on a "Clinical Assessment of Pain" form he completed March 7, 2006, the day before the hearing, that plaintiff's medication caused some limitation "but will not create serious work

---

[3]See, Borders v. Heckler, supra at 955.

[4]See, Physician's Desk Reference, 63rd Edition at 1127 (2009).

3

problems." The other evidence submitted does not contain any opinions or findings which reflect any worsening of existing conditions, and it is clear that the Commissioner's decision would not have been different had this evidence been before the administrative law judge. The Court concludes, therefore, that remand is not appropriate in this case.

With regard to the merits of the Commissioner's decision, plaintiff argues that it was error for the administrative law judge to give little weight to the residual functional capacity assessment completed by Dr. Sebert, his long-time treating physician. According to 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2), a treating source's opinion on the nature and severity of a claimant's impairments is entitled to controlling weight only where it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record ... ."[5]

The administrative law judge, in his own assessment of residual functional capacity, made reference to Dr. Sebert's comments that his opinions as to lifting/carrying, standing/walking, sitting and pushing/pulling were "purely an estimate" based on his office visits. He felt a functional capacity evaluation should be conducted, but there is no indication this was done. The administrative law judge felt the "self-described limitations" noted by Dr. Sebert caused his opinion to be entitled to less weight than that from the state agency medical advisor whose opinion he adopted. As a practical matter, there are few differences between the findings from these two physicians, with both assessing an ability to lift/carry 20 pounds occasionally, 10 frequently and to perform postural activities (climbing, balancing, kneeling, crouching, crawling, stooping) only occasionally.[6] Dr. Sebert finds

---

[5] See also Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).

[6] The state agency physician also finds plaintiff could never climb ladders, ropes or scaffolds.

4

no environmental limitations while the state agency reviewer found plaintiff should avoid concentrated exposure to extreme cold, vibration and hazardous areas. The main differences involved Dr. Sebert's findings that plaintiff had limited ability to push and pull with both the upper and lower extremities and that plaintiff could stand/walk for "at least" two hours and sit for "less than six hours" in an eight-hour work day. It was felt this would preclude employment because these numbers did not add up to a full eight-hour day; however, neither the number of hours plaintiff could stand/walk nor the number of hours plaintiff could sit was set out more specifically by Dr. Sebert. Clearly, this opinion could have been consistent with an ability to do a limited range of sedentary or possibly even light level work, but this cannot be definitely determined.

      The administrative law judge noted Dr. Weinsweig's comments about improvement after plaintiff underwent a microdistectomy for a ruptured disc at the L5-S1 level as well as plaintiff's intention to undergo surgery for left carpal and cubital tunnel syndrome, which plaintiff testified at the hearing eliminated pain in his shoulder, although he claimed to have continued numbness in his hand. Nonetheless, plaintiff reported being able to wash dishes, vacuum, do some cooking and occasionally drive, which the administrative law judge concluded were "no more strenuous than work at the light exertional level." In light of these factors, the Court concludes the administrative law judge's explanation as to why Dr. Sebert's assessment was entitled to less than controlling weight is supported by the evidence as is his reasoning as to why the assessment from the state agency medical advisor was adopted.

      Plaintiff also argues the administrative law judge's assessment of his credibility is faulty because it is not thorough enough, citing specifically to the factors set forth in 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3), and SSR 96-7p. Plaintiff states that the only reason given by the

administrative law judge for not finding plaintiff credible is "the medical record as a whole;" however, this is a misrepresentation of the administrative law judge's analysis which was much more detailed. He considered all of the factors specified in the regulations, including plaintiff's activities of daily living; details about plaintiff's pain and what activities cause or aggravate it; information about his medication as well as treatment and other measures besides medication used to relieve his symptoms; and other factors related to functional limitations and restrictions due to pain.[7] The Court concludes the administrative law judge's analysis and findings comport with the regulations and relevant case law[8] and are supported by substantial evidence.

Finally, plaintiff alleges that the Commissioner failed to meet his burden of showing plaintiff could perform work other than his past relevant employment. Plaintiff's argument is based totally on the limitations from Dr. Sebert, which, as the administrative law judge found, were entitled to less than controlling weight. Hence, the premise for plaintiff's argument is faulty, and it has no merit. The hypothetical question posed to the vocational expert by the administrative law judge is "based upon a consideration of all other evidence in the record" and "fairly set[s] out all of [plaintiff's] impairments." Walker v. Bowen, 889 F.3d 47, 50-51 (4th Cir. 1989). The Court, accordingly, finds that the vocational expert's responses to the hypothetical question provide substantial support for the administrative law judge's finding that there was other work in the national economy which plaintiff could perform. In light of these circumstances, it is clear that the Commissioner has satisfied his burden of production, and that his decision is supported by substantial evidence and must be affirmed.

---

[7] See, 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

[8] See, for example, Craig v. Chater, supra at 594-96.

On the basis of the foregoing, it is **ORDERED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the Commissioner affirmed. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: July 2, 2009

*/s/ Maurice G. Taylor, Jr.*
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE